**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4536**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

LEJUANNE WALKER,

    Defendant – Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Catherine C. Blake, District Judge.
(1:09-cr-00369-CCB-2)

Submitted:  November 9, 2010   Decided:  December 3, 2010

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven F. Wrobel, ROSENBERG|MARTIN|GREENBERG, LLP, Baltimore,
Maryland, for Appellant.  Rod J. Rosenstein, United States
Attorney, Cheryl L. Crumpton, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lejuanne Walker appeals his 144-month sentence following a guilty plea to one count of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 (2006). On appeal, Walker argues that the district court committed procedural error when it classified him as a career offender and failed to explicitly address his request that the career offender guidelines be rejected based on their racially disproportionate impact.

We review the district court's sentence under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In conducting this review, we must first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range . . . or failing to adequately explain the chosen sentence." Id. at 51. In reviewing the district court's application of the Sentencing Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Layton, 564 F.3d 330, 334 (4th Cir. 2009).

Section 4B1.1(a) of the U.S. Sentencing Guidelines Manual ("USSG") (2009) provides that a defendant is a career offender if, among other conditions, he "has at least two prior felony convictions of either a crime of violence or a controlled

substance offense." USSG § 4B1.1(a)(3). A "controlled substance offense" is a federal or state offense, punishable by more than one year in prison, "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b). To determine whether a conviction qualifies as a prior offense for purposes of the career offender guidelines, a sentencing court must take a categorical approach, examining only the fact of conviction and the statutory definition of the prior offense. Shepard v. United States, 544 U.S. 13, 17 (2005); see also United States v. Dean, 605 F.3d 169, 175 (4th Cir. 2010) (recognizing that the categorical approach has been extended to the career offender provisions).

Here, the district court did not err in determining that Walker qualified as a career offender for purposes of the Guidelines. Walker's career offender designation was based on a 2002 Maryland conviction, the validity of which Walker questions, and a 2006 Maryland conviction. Specifically, Walker suggests that a notation made by the state court on the record referring to possible probation before judgment lends enough ambiguity to the 2002 conviction's felony status that the district court should have disregarded that conviction. The

3

district court's determination, however, was consistent with the categorical approach. The court considered the state court record, the electronic docket, and the definition of the prior offense to determine that Walker did, in fact, plead guilty to a qualifying offense. Further, the court concluded that the state court's notation only reflected the possibility of probation before judgment upon a motion for reconsideration; because the state court took no action to impose probation before judgment, the district court correctly held that the 2002 conviction was a felony for career offender purposes.

Walker also argues that his sentence was unreasonable because the district court failed to consider his argument that it should disregard the career offender guidelines because of their racially disproportionate effect. To avoid procedural error, a sentencing court must "state in open court" the particular reasons that support its chosen sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The court's explanation need not be exhaustive; it must be "sufficient 'to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)).

The district court in this case explicitly considered the seriousness of the offense, Walker's criminal history and characteristics, and the nonviolent nature of Walker's convictions. It made an individualized assessment and its explanation sufficiently reflected that assessment. Cf. Rita, 551 U.S. at 356 ("[W]e cannot read the statute (or our precedent) as insisting upon a full opinion in every case. . . . Sometimes a judicial opinion responds to every argument; sometimes it does not. . . . The law leaves much, in this respect, to the judge's own professional judgment."). Moreover, it appears from the court's explanation of its chosen sentence that it did consider Walker's policy-based argument against applying the career offender guidelines in deciding to vary downward from the applicable Guidelines range. Thus, we conclude that the district court's explanation was sufficient and did not constitute procedural error resulting in an unreasonable sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5