<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 08-4933**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

     v.

APRIL NICOLE GARRETT,

        Defendant – Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Henry M. Herlong, Jr., Senior District Judge. (7:07-cr-01463-HMH-1)

─────────────

Argued: October 26, 2010        Decided: January 6, 2011

─────────────

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

─────────────

Affirmed by unpublished opinion. Judge Shedd wrote the opinion, in which Judge Niemeyer and Judge King joined.

─────────────

**ARGUED:** John Christopher Mills, Columbia, South Carolina, for Appellant. William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee. **ON BRIEF:** Kevin F. McDonald, Acting United States Attorney, David C. Stephens, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

April Nicole Garrett appeals her 81-month criminal sentence. We affirm.

I

According to the Presentence Investigation Report ("PSR"), Garrett rented a residence from Nery Rivera, and in 2006 and 2007 she used his social security number to obtain multiple credit cards in his name via the United States Mail. With these fraudulently obtained credit cards, Garrett incurred charges of approximately $90,000. She also established a business in Rivera's name and forged his signature on a United States Postal Service change of address form to have his mail forwarded to her post office box. Although Garrett falsely claimed to be in a romantic relationship with Rivera and to have had his permission, she committed these acts without his knowledge.

As a result of this conduct, Garrett was convicted on one count of access device fraud (Count 1), see 18 U.S.C. § 1029(a)(2); two counts of aggravated identity theft (Counts 2 and 3), see 18 U.S.C. § 1028A(a)(1); and one count of submission of a false document to the United States Postal Service (Count 4), see 18 U.S.C. § 1001(a)(3). In the PSR, the probation officer grouped Counts 1 and 4 pursuant to U.S.S.G. § 3D1.2(d) and recommended a total offense level of 16 and a criminal history category of III. These recommendations yielded an

2

advisory guidelines range of 27-33 months. The probation officer also indicated that, pursuant to § 1028A(a)(1), Garrett faced mandatory 24-month consecutive sentences for Counts 2 and 3.

At sentencing, the district court adopted the PSR findings and guideline calculations. Garrett's attorney asked the court to impose a short sentence, noting that Garrett has children, and Garrett then apologized to the Rivera family and stated that she had always intended to pay the money back. In response, the court observed that Garrett's statement contradicted her trial testimony that she had been authorized to obtain and utilize the credit cards. The court also pointed out that Garrett had a lengthy criminal history record that included nearly 100 arrests for fraud-related offenses. Additionally, the court noted that two days before her federal trial, Garrett had traveled (in violation of her bond) to North Carolina, where she was arrested and charged with obtaining property under false pretenses and resisting a public officer.

The court characterized Garrett as a "dishonest person by nature" and "one of the most significant public predators" that it had encountered, J.A. 27, 30, and it sentenced her to 81 months of imprisonment. The court fashioned this sentence by giving Garrett concurrent 33-month terms on Counts 1 and 4, and

a consecutive 24-month term each on Count 2 and Count 3.[1] The court noted that it was "probably going to make a mistake when I sentence you and not depart upward" and that it suspected it would see Garrett again when she was on supervised release because she has "a disease of being a thief." J.A. 30, 32.[2]

Garrett appealed, arguing that the district court failed to recognize its authority to make the sentences for Counts 2 and 3 run concurrently, rather than consecutively, to one another. Noting that the original sentencing hearing record is silent on the rationale for consecutive sentences on the identity theft convictions, the government moved for a remand to permit the

---

[1] Section 1028A(b) requires that one of the identity theft sentences must run consecutively to Garrett's sentence on Counts 1 and 4, but it also provides the district court with discretion to run the two identity theft sentences concurrently to each other. In exercising its discretion to impose consecutive or concurrent sentences for multiple convictions under § 1028A, the court must consider a non-exhaustive list of factors that includes the nature and seriousness of the underlying offenses, whether the underlying offenses are groupable under § 3D1.2, and whether the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2) are better achieved by imposing a concurrent or a consecutive sentence. See U.S.S.G. § 5G1.2 cmt. n.2(B). The court must adequately explain its decision to impose consecutive sentences pursuant to § 1028A. See United States v. Dvorak, 617 F.3d 1017, 1029 (8th Cir. 2010).

[2] During the criminal investigation, law enforcement officers found a notebook in Garrett's possession that contained the names, social security numbers, and dates of birth of 41 people. They also found 19 credit cards, nine of which bore the name of Nery Rivera, Nery Rivera Consulting, or Nery Rivera and April Garrett.

4

district court to address this matter.  We granted the motion and remanded the case.

At resentencing, Garrett's attorney argued that concurrent sentences are appropriate under the factors listed in the commentary to § 5G1.2.  Her attorney pointed out that Garrett's identity theft convictions did not involve violence or acts of terrorism, both of which are listed in the § 5G1.2 commentary as types of offenses for which the district court should consider imposing consecutive sentences for multiple § 1028A convictions.  Counsel also noted that Counts 1 and 4 had been grouped, and he contended that there is nothing to warrant a consecutive sentence in this case.  In doing so, counsel noted that the court had already considered the § 3553(a) factors and found a guideline sentence appropriate for Counts 1 and 4.

In response, the court stated that it had "considered the totality of the circumstances of all the evidence" and noted that Garrett "tried to ruin [Rivera's] life by lying about her involvement" with him.  Supp. J.A. 6.  The court acknowledged that it had discretion to run the sentences to Counts 2 and 3 concurrently, and it recited the § 5G1.2 commentary factors. The court then reimposed an 81-month sentence, concluding that consecutive sentences for Counts 2 and 3 are appropriate based on "the nature and seriousness of the offense" and Garrett's "substantial criminal history."  Supp. J.A. at 7.

We review a criminal sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). Garrett does not challenge the district court's calculation of the advisory guidelines range or its decision to impose concurrent 33-month sentences on Counts 1 and 4. Moreover, she does not challenge the fact that § 1028A requires that she receive a 24-month consecutive sentence for at least one of her identity theft convictions. Instead, she contends that the court's imposition of consecutive 24-month sentences on her identity theft convictions, which raises her sentence from 57 to 81 months, is unreasonable because the court failed to adequately explain a basis for its decision.

As we have noted, a district court must consider the factors set forth in the commentary to § 5G1.2 when deciding whether to impose consecutive or concurrent sentences for multiple convictions of § 1028A, and it must adequately explain its decision to impose consecutive sentences pursuant to § 1028A. Assuming, without deciding, that Garrett is correct that the district court erred by not adequately explaining its decision to impose consecutive sentences for the identity theft convictions, we conclude that the error is harmless. See Puckett v. United States, 129 S. Ct. 1423, 1432 (2009) ("procedural errors at sentencing . . . are routinely subject to

harmlessness review"); <u>United States v. Boulware</u>, 604 F.3d 832, 838 (4th Cir. 2010) (sentencing error is harmless if it "did not have a substantial and injurious effect or influence on the result and we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed" (internal punctuation altered)); <u>United States v. Mehta</u>, 594 F.3d 277, 283 (4th Cir.), <u>cert. denied</u>, 131 S. Ct. 279 (2010) (sentencing "error is harmless if the resulting sentence was not longer than that to which [the defendant] would otherwise be subject" (internal punctuation altered)).[3]

The district court has twice concluded that 81 months is an appropriate sentence for Garrett. At resentencing, the district court noted that it had discretion to impose consecutive or concurrent sentences for Garrett's § 1028A convictions, and it stated that it had considered the § 5G1.2 commentary factors and the totality of the circumstances of this case. It is readily

---

[3] "Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Fed. R. Crim. P. 52(a). The government did not argue harmlessness in its opening brief, but we directed the parties to file supplemental briefs addressing the issue. <u>See generally</u> <u>Bank of Nova Scotia v. United States</u>, 487 U.S. 250, 255 (1988) (explaining that Rule 52 is "in every pertinent respect, as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard the Rule's mandate than they do to disregard constitutional or statutory provisions").

apparent from both sentencing hearings that in fashioning Garrett's sentence the court was particularly concerned about the seriousness of her crimes, her lengthy criminal record involving fraudulent conduct, and the likelihood that she would commit similar conduct in the future. The court's concerns are amply supported by the record, and we believe that we can say "with fair assurance" that any error the court may have committed in explaining its basis for imposing consecutive sentences would not affect the sentence that would be imposed if we remanded this case. See Boulware, 604 F.3d at 840 ("the notion that having to explain its analysis further might have changed the district court's mind . . . is simply unrealistic in the present case, and remand for resentencing would be a pointless waste of resources").

III

The district court had the authority to impose consecutive sentences on the § 1028A convictions and sentence Garrett to 81 months, and that sentence does not appear to be unreasonable based on the record before us. Accordingly, we affirm the sentence.

AFFIRMED

8