**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-5027**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

CHUCKIE DALE WOOD,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:09-cr-00339-NCT-1)

———————

Submitted:  May 31, 2011           Decided:  June 15, 2011

———————

Before DUNCAN, KEENAN, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Matthew A. Victor, VICTOR VICTOR & HELGOE LLP, Charleston, West Virginia, for Appellant.  Ripley Rand, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chuckie Dale Wood pled guilty, pursuant to a plea agreement, to distribution of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B) (2006), and possession of a firearm by a convicted felon, in violation of 21 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). The district court sentenced Wood to a total of 262 months' imprisonment, comprised of 262 months on the drug count and a concurrent 120 months on the firearm count. Wood appeals, challenging his sentence. For the reasons that follow, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51.

In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular

2

facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

Wood first contends that the district court erred by failing to resolve his objection to a two-level adjustment in his offense level under U.S. Sentencing Guidelines Manual § 2D1.1(b) (2009) for possessing a firearm. However, as Wood concedes, the two-level adjustment did not affect his Guidelines range because he was sentenced as a career offender.

Wood does not dispute the calculation of his career offender Guidelines range, but argues that his sentence is procedurally unreasonable because the court failed to carefully consider the § 3553(a) factors and provide an adequate reason for its sentence. A district court is not required to "robotically tick through § 3553(a)'s every subsection" on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). The sentencing court's explanation must be "sufficient 'to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)).

Reasons articulated by a district court for a given sentence need not be "couched in the precise language of § 3553(a)" as long as the reasons "can be matched to a factor

appropriate for consideration under that statute and [are] clearly tied to [the defendant's] particular situation." United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007). After reviewing the record, we conclude that the district court analyzed the arguments presented by the parties and gave a sufficient explanation for the sentence it selected. Although the court did not couch its analysis in the precise statutory language, consideration of the § 3553(a) factors was implicit in the district court's reasoning. We find no abuse of discretion and conclude that Wood's sentence is procedurally reasonable.

Where there is "no significant procedural error," we next assess the substantive reasonableness of the sentence, taking "'into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Morace, 594 F.3d 340, 345-46 (4th Cir.) (quoting Gall, 552 U.S. at 51), cert. denied, 131 S. Ct. 307 (2010). If the sentence is within the appropriate Guidelines range, this court may consider it presumptively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

Wood argues that the record is devoid of an explanation of why his 262-month sentence, the bottom of the Guidelines range, was not greater than necessary to comply with the sentencing purposes of § 3553(a)(2). The district court

4

responded to every argument Wood made in an effort to obtain a lower sentence, explaining why it found his assertions and evidence unpersuasive. As previously stated, although the court did not expressly tie its reasoning to particular § 3553(a) factors, consideration of the factors was implicit in the court's analysis. Finally, the court concluded, "[c]onsidering the length of time you've been involved in the offenses, and the things I said earlier, I simply cannot see going below the low end of the advisory guidelines." Taking into account the totality of the circumstances, we conclude that Wood's sentence is substantively reasonable.

For the foregoing reasons, we affirm Wood's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED