**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-5119**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

KELVIN GERARD MOSS, a/k/a Kelvin Girard Moss,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Frank D. Whitney,
District Judge.  (3:08-cr-00097-FDW-1)

———————

Submitted:  August 25, 2011        Decided:  September 7, 2011

———————

Before AGEE, DAVIS, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Rena G. Berry, Roanoke, Virginia, for Appellant.   Anne M.
Tompkins, United States Attorney, Richard Lee Edwards, Assistant
United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelvin Gerard Moss appeals his convictions and multi-life sentences. A jury found Moss guilty of bank robbery in violation of 18 U.S.C. § 2113(a) (2006) (Count 1), use and carry of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) (2006) (Count 2), possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1) (2006) (Count 3), and escape from custody in violation of 18 U.S.C. §§ 751(a), 4082 (2006) (Count 4). As punishment for these offenses, the district court imposed concurrent custodial sentences of life, life, and sixty months on Counts 1, 3, and 4, and a consecutive sentence of life on Count 2. We affirm.

Moss first challenges the admission of certain testimony during his trial as hearsay and unfairly prejudicial. This Court "review[s] a trial court's rulings on the admissibility of evidence for abuse of discretion, and [] will only overturn an evidentiary ruling that is arbitrary and irrational." United States v. Cole, 631 F.3d 146, 153 (4th Cir. 2011) (internal quotation marks omitted). But when evidence is admitted without objection, the standard of review is plain error. See Fed. R. Evid. 103(d); see also United States v. Chin, 83 F.3d 83, 87 (4th Cir. 1996).

2

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Hearsay is generally inadmissible. Fed. R. Evid. 802. However, a statement offered against a party is not hearsay if it is a party's own statement. Fed. R. Evid. 801(d)(2). Here, the challenged statements were uttered by Moss; thus, the statements were not hearsay.

Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. However, "Rule 403 is a rule of inclusion, generally favoring admissibility." United States v. Udeozor, 515 F.3d 260, 264-65 (4th Cir. 2008) (internal quotation marks and brackets omitted). When assessing a Rule 403 challenge on appeal, this Court "look[s] at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." United States v. Simpson, 910 F.2d 154, 157 (4th Cir. 1990) (internal quotation marks omitted). The challenged testimony demonstrated Moss's willingness and intent to commit a robbery; we do not find it to be so unfairly prejudicial as to warrant exclusion under Fed. R. Evid. 403.

3

Moss next raises a double jeopardy challenge to his sentence for escape, claiming that he has already been punished by the Bureau of Prisons. We review double jeopardy claims de novo. United States v. Studifin, 240 F.3d 415, 418 (4th Cir. 2001). "Where the issue is solely that of multiple punishment, as opposed to multiple prosecutions, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Id. (internal quotation marks omitted).

It has long been accepted that disciplinary changes in prison conditions do not preclude criminal punishment for the same conduct. See, e.g., Patterson v. United States, 183 F.2d 327, 328 (4th Cir. 1950) (per curiam). Moss fails to convince us otherwise and thus we find no double jeopardy violation on this record.

Moss also claims that the district court erred by finding that he was subject to mandatory life sentences under 18 U.S.C. § 3559(c)(1) (2006). A person convicted by a federal court of a serious violent felony shall be sentenced to life imprisonment if that person has previously been convicted of at least two serious violent felonies or at least one serious violent felony plus at least one serious drug offense. 18 U.S.C. § 3559(c)(1)(A). To qualify, each of the predicate offenses (other than the first) must be "committed after the

4

defendant's conviction of the preceding serious violent felony or serious drug offense." 18 U.S.C. § 3559(c)(1)(B). The district court found that mandatory life sentences applied to Counts 1 and 2.

The district court carefully noted on the record which documents it relied upon in finding each of Moss's predicate offenses for the purposes of 18 U.S.C. § 3559(c)(1). We find no error in its use of the records before it. In finding the nature of the prior convictions, the sentencing court properly confined itself to documents inherent in the prior convictions in accord with applicable precedent.

Likewise, we find no merit in Moss's contention that his 1992 breaking and entering conviction was not a "serious violent felony" because that crime is now punishable by a maximum term of less than ten years. As reflected by the state court judgment, the maximum term of incarceration at the time of Moss's conviction was ten years. We do not find that the plain language of 18 U.S.C. § 3559(c)(2)(F)(ii) (2006) directs a sentencing court to analyze the maximum punishment at the time of the federal sentencing hearing rather than at the time of the prior conviction.

Moreover, to focus on the punishment available at the time of federal sentencing would transform the predicate status of a prior conviction into a moving target. Indeed, a state's

5

reformulation of its sentencing scheme could cause whole classes of prior convictions to disappear from predicate status and the application of 18 U.S.C. § 3559(c)(1) could depend in large part on the fortuitous timing of the sentencing hearing. Cf. McNeil v. United States, 131 S. Ct. 2218 (2011) (rejecting an analogous argument with respect to the Armed Career Criminal Act). In light of the plain language of the statute and the absurd results that would result from adopting Moss's interpretation, the district court properly found that his previous breaking and entering conviction qualified as a "serious violent felony" under the definition set forth in 18 U.S.C. § 3559(c)(2)(F)(ii).

Moss's final appellate challenge is to the reasonableness of his sentence. We review a sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to inspect for procedural reasonableness by ensuring that the district court committed no significant procedural errors, such as failing to calculate or improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). We then consider the substantive reasonableness of

the sentence imposed, taking into account the totality of the circumstances. <u>Gall</u>, 552 U.S. at 51.

We find Moss's arguments as to the order in which the district court conducted his sentencing hearing unconvincing. Because a statutory minimum or maximum sentence limits the Guidelines range, a district court must always determine a defendant's statutory sentence in calculating his Guidelines range. Both Moss and his attorney were afforded adequate opportunity to speak and argue for a different sentence. Nor do we detect any infirmity in the length of the sentences imposed. We therefore do not find Moss's sentence to be either procedurally or substantively unreasonable.

We accordingly affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>