**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

AMANDA BOULWARE, a/k/a Amanda
L. Manigault, a/k/a Amanda Lynn
Manigault, a/k/a Amanda
Manigault-Boulware, a/k/a
Amanda L. Boulware, a/k/a
Amanda Manigault, a/k/a Amanda
Boulware-Manigault,

*Defendant-Appellant.*

No. 09-5125

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(3:09-cr-00058-JFA-1)

Argued: April 8, 2010

Decided: May 11, 2010

Before TRAXLER, Chief Judge, and DUNCAN and
DAVIS, Circuit Judges.

Affirmed by published opinion. Chief Judge Traxler wrote the
opinion, in which Judge Duncan and Judge Davis joined.

**COUNSEL**

**ARGUED**: John Herman Hare, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Robert Frank Daley, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee. **ON BRIEF:** Kevin F. McDonald, Acting United States Attorney, Anne Hunter Young, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

---

**OPINION**

TRAXLER, Chief Judge:

Amanda Boulware appeals her sentence for fraudulently making a declaration under penalty of perjury in a bankruptcy case, arguing that the district court used the wrong guideline to calculate her advisory guideline range and that the court inadequately explained its reasons for imposing a sentence within that range. Finding no reversible error, we affirm.

I.

Since 1995, Boulware has filed for bankruptcy 16 times in three different districts. On May 25, 2007, the U.S. Bankruptcy Court for the Northern District of Georgia entered an order dismissing Boulware's Chapter 13 proceeding and barring her for five years from filing another bankruptcy case. Boulware violated that order approximately three months later when she filed a Chapter 13 bankruptcy petition in the District of South Carolina. Although the petition required her to disclose, under penalty of perjury, all her previous bankruptcy cases filed in the past eight years, Boulware failed to disclose nine such cases that she had filed in the Northern District of Georgia.

Boulware was subsequently charged in a two-count indictment in the District of South Carolina. Count One charged her with knowingly and fraudulently making a false declaration, certification, verification, and statement under penalty of perjury by failing to disclose nine prior bankruptcy filings she had filed in the Northern District of Georgia within the past eight years, in violation of 18 U.S.C.A. § 152(3) (West 2000). Count Two charged her with willfully and knowingly disobeying and resisting a lawful order of a court of the United States, in violation of 18 U.S.C.A. § 401(3) (West Supp. 2009). Boulware pleaded guilty to Count One. The United States Probation Office then prepared a presentence report ("PSR") applying U.S.S.G. § 2J1.3(a) for the conduct that the indictment charged as violating 18 U.S.C.A. § 152(3). *See U.S. Sentencing Guidelines Manual* § 2J1.3(a) (2008). Based on a total offense level of 12[1] and a Category III Criminal History, the PSR calculated the advisory guideline range to be 15 to 21 months' imprisonment. Boulware objected to the PSR, arguing that § 2B1.1, which covers offenses involving fraud and deceit, should be applied instead of § 2J1.3, which applies to offenses involving perjury and other related crimes.

At sentencing, the district court overruled Boulware's objection and adopted the PSR's recommendations regarding the applicable advisory guidelines range. The district court then read a lengthy letter from Boulware and another letter from her cousin. The cousin also made an oral statement in which she stressed that Boulware owned a cosmetology school, had started a non-profit organization for high school students seeking a career in cosmetology and barbering, and hoped to have her sickly mother move in with her soon. Defense counsel added that Boulware supports two of her children, aged 12 and 19. For all those reasons, defense counsel requested a sentence of probation with home detention or, alternatively, of imprisonment for one year and a day. The

---

[1]Boulware received a two-point reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a).

district court then asked to speak to the probation officer, following which defense counsel added that Boulware had been on pretrial release since February 2009 and counsel was not aware of any problems with that arrangement.

The district court then rejected defense counsel's request, stating the following:

> In consideration of all the factors I'm required to consider under Section 3553(a), I determined that a sentence within the advisory guideline range is the appropriate sentence in this case, however I will sentence at the low end.
>
> In doing so, I have taken into account all the factors required of me by Section 3553(a), including the nature and characteristics of the defendant, the nature and characteristics of the offense, the need to promote deterrence, a specific deterrence and general deterrence, and all the other factors required. And having done that I'm convinced that a sentence of 15 months, the low end of the advisory range, is appropriate.

J.A. 55.

## II.

Boulware first contends that the district court erred by using U.S.S.G. § 2J1.3 rather than U.S.S.G. § 2B1.1 to set her offense level. We disagree.

We review the district court's selection of § 2J1.3 *de novo*. *See United States v. Davis*, 202 F.3d 212, 218 (4th Cir. 2000). The Guidelines require that a sentencing court "[d]etermine the offense guideline section . . . applicable to the offense of conviction (*i.e.*, the offense conduct charged in the count of the indictment or information of which the defendant was

convicted)." U.S.S.G. § 1B1.2; *see United States v. Lambert*, 994 F.2d 1088, 1091 (4th Cir. 1993). The applicable guideline generally is found in the Statutory Index to the Guidelines (Appendix A). *See* U.S.S.G. § 1B1.2(a). When the offense of conviction "appear[s] to fall under the express terms of more than one guideline," the sentencing court must choose the guideline that is "most applicable" by "compar[ing] the guideline texts with the charged misconduct, rather than the statute (which may outlaw a variety of conduct implicating several guidelines) or the actual conduct (which may include factors not elements of the indicted offense)." *Lambert*, 994 F.2d at 1092 (emphasis and internal quotation marks omitted).

The Index lists three guidelines for 18 U.S.C.A. § 152: § 2B1.1, § 2B4.1, and § 2J1.3. The parties agree that § 2B4.1, which covers commercial bribery, is not applicable here. Thus, the question before us is which of the remaining two guidelines is more applicable to the offense of conviction. Section 2B1.1, one of the Chapter 2, Part B guidelines addressing "basic economic offenses," covers, *inter alia*, fraud and deceit. Section 2J1.3, one of the Chapter 2, Part J guidelines addressing "offenses involving the administration of justice," covers, *inter alia*, perjury.

Boulware maintains that her offense of conviction was more akin to fraud than to perjury. She argues that she lied to the bankruptcy court about her prior bankruptcy history "in a misguided attempt to stay ahead of her creditors." Appellant's br. at 11. Boulware's argument is unpersuasive, however, because it does not focus on the "conduct charged in the count of the indictment . . . of which the defendant was convicted." U.S.S.G. § 1B1.2. The indictment did not characterize Boulware's failure to disclose the prior bankruptcies as being part of a plan to avoid making payment to specific creditors. Rather, the indictment focused on the fact that her nondisclosure constituted a false declaration made to the bankruptcy court under penalty of perjury. Thus, the gravamen of the charge was that Boulware interfered with the bankruptcy

court's administration of justice, not that she defrauded any creditors.

Boulware argues that § 2B1.1 is the first guideline listed in the Statutory Index for 18 U.S.C.A. § 152(3), and that § 2B1.1 would not have been listed had the Sentencing Commission not expected it ever to be used in connection with 18 U.S.C.A. § 152(3). That argument clearly misses the mark, however. Section 2B1.1 is listed in the Index for § 152 generally, not for § 152(3) specifically, and the Index lists the guidelines in the order they appear in the manual, so the fact that § 2B1.1 is listed first is immaterial. *See* U.S.S.G. Appendix A. As for the argument that § 2B1.1 would not have been listed if it were never appropriate to apply it to § 152(3) offenses, the question before us is not whether § 2B1.1 would *ever* be appropriate to use with § 152(3). Rather, we consider whether it was appropriate to apply it based upon the offense conduct charged *in this case*.

Boulware also emphasizes that § 2B1.1 contains a specific offense characteristic directed toward "a misrepresentation or other fraudulent action during the course of a bankruptcy proceeding," U.S.S.G. § 2B1.1(b)(8)(B), while § 2J1.3 contains no comparable provision and there is no specific reference to bankruptcy in its accompanying commentary. That observation is of little consequence. As both guideline sections are listed in the Index, the district court was required to determine which was the better fit considering the charged offense conduct. For the reasons already discussed, the district court was on firm ground in determining that § 2J1.3 was the better choice.

Finally, Boulware maintains that the text of § 2J1.3 and its commentary demonstrate that it is "directed at witness perjury and subornation of witness perjury and not false statements in bankruptcy proceedings, even if made under penalty of perjury." Appellant's br. at 12. We disagree. It is unclear to which parts of the text and commentary Boulware is referring,

but the applicable commentary states, *without any limitation*, that § 2J1.3 "applies to perjury . . . generally prosecuted under the referenced statutes," of which § 152 is one. U.S.S.G. § 2J1.3 cmt. background.

## III.

Boulware next argues that the district court did not offer sufficient reasons to show that it made an individual assessment of the specific circumstances in her case in light of the relevant factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2009) and the arguments presented. The government concedes that the district court committed this procedural error, *see United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) ("Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it."), but nonetheless argues that the error was harmless. We are, of course, not bound by the government's concession, *see United States v. Rodriguez*, 433 F.3d 411, 414 n.6 (4th Cir. 2006), but even assuming that the court's explanation was insufficient, we agree with the government's assertion that any error was harmless.

Since the Supreme Court issued its *Booker* decision, the Sentencing Guidelines are no longer mandatory but rather are "effectively advisory." *United States v. Booker*, 543 U.S. 220, 245 (2005). When sentencing criminal defendants post-*Booker*, district courts first must correctly calculate the defendant's sentencing range under the Sentencing Guidelines. *See Gall v. United States*, 552 U.S. 38, 49 (2007). The court must then allow the parties to argue for what they believe to be an appropriate sentence and consider those arguments in light of the factors set forth in 18 U.S.C.A. § 3553(a). *See id.* at 49-50; *United States v. Abu Ali*, 528 F.3d 210, 260 (4th Cir. 2008), *cert. denied*, 129 S. Ct. 1312 (2009). Sentencing courts are statutorily required to state their reasons for imposing a particular sentence. *See* 18 U.S.C.A. § 3553(c) (West Supp.

2009). Although a court need not necessarily issue a comprehensive, detailed opinion, the court's explanation must nonetheless be sufficient "to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007); *see also Gall*, 552 U.S. at 50 ("After settling on the appropriate sentence, [the district court] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing."). District courts' sentencing discretion is "sizeable," *Abu Ali*, 528 F.3d at 266, and our review on appeal is limited to determining whether the sentence imposed is reasonable, *see Gall*, 552 U.S. at 51.

Our reasonableness review has procedural and substantive components. The procedural component, the one at issue in this case, obligates us to ensure that the district court

> committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

*Id.*

Here, as we have explained, the error alleged is that the district court committed procedural error by failing to adequately explain its decision not to impose a below-guidelines sentence. We have held that arguments made under § 3553(a) for a sentence different than the one that is eventually imposed are sufficient to preserve claims that the district court erred in not adequately explaining its rejection of the sentencing arguments. *See United States v. Lynn*, 592 F.3d 572, 578-79 (4th

Cir. 2010); *United States v. Grier*, 475 F.3d 556, 571 n.11 (3d Cir. 2007) (en banc) ("An objection to [an inadequate explanation] will be preserved if, during sentencing proceedings, the defendant properly raised a meritorious factual or legal issue relating to one or more of the factors enumerated in 18 U.S.C. § 3553(a)."). Because Boulware argued that the § 3553(a) factors warranted a below-guidelines sentence, the issue is properly preserved, and we therefore apply harmless-error review in considering whether Boulware's alleged procedural error warrants reversal.[2] *See Lynn*, 592 F.3d at 579. Under that standard, the government may avoid reversal only if it demonstrates that the error "did not have a substantial and injurious effect or influence on the" result and "we can[] say with . . . 'fair assurance,' . . . that the district court's explicit consideration of [the defendant's] arguments would not have affected the sentence imposed." *Id.* at 585 (quoting *Kotteakos v. United States*, 328 U.S. 750, 765 (1946) (internal quotation marks omitted)). We conclude that the government has satisfied that burden here.

That any error here would be harmless is best demonstrated by comparison of this case to one of the consolidated cases in *Lynn*. In that case, Lynn was convicted of possessing with intent to distribute, and conspiring to distribute, over 100 grams of heroin. *See* 21 U.S.C.A. §§ 841(a), 846 (West 1999). Lynn's PSR, which the sentencing court adopted, classified Lynn as a career offender, *see* U.S.S.G. § 4B1.1, and determined his Guidelines range to be 360 months' to life imprisonment. At sentencing, Lynn requested a below-guidelines sentence for several reasons:

> He contended that he fell "at the very margins of

---

[2]We note that some courts have held that there can be no harmless-error review when a district court fails to sufficiently explain its sentence. *See, e.g.*, *In re Sealed Case*, 527 F.3d 188, 193 (D.C. Cir. 2008). We have rejected that approach, however. *See United States v. Lynn*, 592 F.3d 572, 580 n.5 (4th Cir. 2010).

career offender status" because "the greatest sentence that he ha[d] served prior to the imposition of this sentence [wa]s two and a half years." He protested that the evidence demonstrated that he was not a "drug kingpin" but only a "courier" "for the benefit of another." He maintained that the evidence showed that he had been paid just $1000 for the charged crime. He also asserted that a lengthy sentence would not achieve "specific deterrence" or "protect-[ion of] the public," and that to impose a within-Guidelines career-offender sentence on him would create unwarranted sentencing disparities, given the substantial difference between state sentences and career-offender federal sentences.

*Lynn*, 592 F.3d at 583 (alterations in original). The court then sentenced Lynn to a within-guidelines sentence of 33 years, commenting only that that sentence was "fair and appropriate and . . . consistent with the requirements of" § 3553(a). *Id.* (internal quotation marks omitted). Subsequently, just prior to recessing, the court stated that he hoped Lynn would never commit any more crimes. *See id.* The court also added that it "never imposed a sentence on anyone . . . other than in the public's best interest" and mentioned that Lynn had an extensive criminal history and that "they finally caught up with him." *Id.* (alteration omitted).

On appeal to us, Lynn argued that the district court had failed to sufficiently explain its sentence. We concluded that Lynn had properly preserved that objection. *See id.* at 583-84. We further held that the court's sentencing explanation was insufficient. *See id.* at 584-85. In that regard, we noted that the district court had not offered any individualized assessment justifying the sentence imposed and rejection of arguments for a different sentence. *See id.* at 584. We also noted that the record did not clearly show that the district court considered the defendant's evidence and arguments in determining its sentence. *See id.* We then turned to the question of

harmlessness, which we concluded "present[ed] a close question." *Id.* at 585. We determined, however, that the government failed to prove harmlessness because "[g]iven the strength of Lynn's arguments for a different sentence, we [could not] say with any fair assurance that the district court's explicit consideration of those arguments would not have affected the sentence imposed." *Id.*

The government's argument for harmless error in the present case is significantly stronger than its argument in *Lynn* for two reasons. First, even assuming that the district court committed procedural error in failing to explain its rejection of Boulware's argument for a below-guidelines sentence, the record in this case leaves us with no doubt that the district court considered her argument in the context of applying the § 3553(a) factors. The district court specifically noted on the record that it had read Boulware's letter and that of her cousin. The court then listened to the parties' statements and arguments before seeking assistance from the probation officer. Finally, the court stated that it had arrived at the 15-month sentence by considering all of the § 3553(a) factors and emphasized the need for specific and general deterrence. Thus, even if the district court erred by not adequately explaining its reasons for rejecting Boulware's argument for a below-guidelines sentence, we are quite confident that the district court undertook that analysis and considered Boulware's argument. *Cf. Rita*, 551 U.S. at 358 (concluding that when record showed that district court considered defendant's request for a below-guidelines sentence based upon special circumstances that in fact were not particularly special and then imposed a within-guidelines sentence while explaining only that the sentence was "appropriate," the district court "must have believed that there was not much more to say"); *United States v. Battle*, 499 F.3d 315, 324 (4th Cir. 2007) (similar).

Second, unlike the sentencing arguments presented by the defendant in *Lynn*, the arguments that Boulware made for a

below-guidelines sentence were very weak. Her abuse of the bankruptcy process, culminating in her offense conduct, in which she misrepresented the number of her serial bankruptcies, was extensive. And, her argument for a below-guidelines sentence amounted only to her claim that imprisoning her would negatively impact several other people. But certainly that state of affairs is not atypical for a defendant, and Boulware produced no evidence that the effects on others from her imprisonment would be unusually severe. For example, there was no evidence that in her absence there would be no one else available to support her children—one of whom was in college—or care for her mother. Nor was there any evidence presented that the effect on her students would be particularly damaging.

In light of the strong indications that the district court fully considered Boulware's argument for a below-guidelines sentence, and in light of the weakness of that argument, the notion that having to explain its analysis further might have changed the district court's mind—even if realistic in *Lynn*—is simply unrealistic in the present case, and remand for resentencing would be a pointless waste of resources. We therefore hold that even assuming that the district court committed procedural error in failing to sufficiently explain the sentence imposed in light of the § 3553(a) factors, any error was harmless. *Cf. Neder v. United States*, 527 U.S. 1, 18 (1999) ("Reversal for error, regardless of its effect on the judgment, encourages litigants to abuse the judicial process and bestirs the public to ridicule it." (internal quotation marks omitted)).

## IV.

For the foregoing reasons, Boulware's sentence is affirmed.

*AFFIRMED*