**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4877**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JORGE LUCAS SANTIAGO RIVERA,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Irene C. Berger, District Judge. (5:10-cr-00009-1)

Submitted: December 29, 2010      Decided: January 27, 2011

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Charleston, West Virginia, for Appellant. R. Booth Goodwin, II, United States Attorney, John L. File, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jorge Lucas Santiago Rivera appeals his seventy-seven-month prison sentence for one count of assault with a dangerous weapon in violation of 18 U.S.C. § 113(a)(3) (2006). On appeal, Rivera contends that his term of imprisonment is substantively unreasonable because it is greater than necessary to meet the purposes of sentencing. We affirm.

We review a sentence imposed by a district court under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to inspect for procedural reasonableness by ensuring that the district court committed no significant procedural errors, such as improperly calculating the guideline range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. On appeal, we presume that a sentence within a properly-calculated guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

In the district court, Rivera did not object to the court's calculation of his guideline range or that he qualified as a career offender as defined in U.S. Sentencing Guidelines

<u>Manual</u> § 4B1.1 (2009). Instead, Rivera argued before the district court and now on appeal that his designation as a career offender overstated the significance of his prior crimes. According to Rivera, the district court should have sentenced him to a lesser term of imprisonment than that recommended by the Guidelines because he is not the sort of recidivist that the career offender classification was designed to target. Rivera did not, however, move the district court for a downward departure under USSG § 4A1.3(b), but rather argued that the court should exercise its discretion to impose a variance sentence.

The district court pointed to numerous reasons underlying its imposition of Rivera's sentence, focusing specifically on Rivera's repeated attempts to pursue and stab the victim during the assault as well as his difficulty with avoiding criminal behavior. Given the district court's discretion in sentencing, we conclude that the sentence is reasonable under the totality of the circumstances.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>