**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4712**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ALEJANDRO HERNANDEZ,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:09-cr-00502-CMH-1)

Submitted:  March 10, 2011          Decided:  April 11, 2011

Before KING, AGEE, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark Bodner, Fairfax, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Lisa L. Owings, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Defendant Alejandro Hernandez appeals the seventy-month sentence imposed after he was found guilty of conspiracy to distribute 500 grams or more of cocaine. Hernandez received a two-level reduction for having a minor role in the offense, under U.S. Sentencing Guidelines Manual § 3B1.2(b) (2009). On appeal, Hernandez argues that he should have received a total of four levels of reduction because he was a minimal participant in the conspiracy. Finding no error, we affirm.

We review a sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to inspect for procedural reasonableness by ensuring that the district court committed no significant procedural errors. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). A reviewing court then considers the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. This court presumes that a sentence within a properly-calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Hernandez challenges whether the district court acted unreasonably in denying him a four-level reduction based on his

minimal role in the offense. A defendant has the burden of showing by a preponderance of the evidence that he had a minimal or minor role in the offense. United States v. Akinkoye, 185 F.3d 192, 202 (4th Cir. 1999). A defendant may receive a four-level reduction for being a minimal participant if he is "plainly among the least culpable of those involved in the conduct of a group." USSG § 3B1.2, comment. (n.4). This level of culpability is shown by "the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others . . . ." Id. A two-level reduction may be made when a defendant is a minor participant, that is, one "who is less culpable than most other participants, but whose role could not be described as minimal." USSG § 3B1.2, comment. (n.5). In deciding whether the defendant played a minor or minimal role, the "critical inquiry is thus not just whether the defendant has done fewer 'bad acts' than his co-defendants, but whether the defendant's conduct is material or essential to committing the offense." United States v. Pratt, 239 F.3d 640, 646 (4th Cir. 2001) (internal quotations and citations omitted). Role adjustments are determined on the basis of the defendant's relevant conduct. United States v. Fells, 920 F.2d 1179, 1183-84 (4th Cir. 1990). The district court in this case denied the minimal role reduction, and

instead applied the minor role reduction; this finding is not clearly erroneous.

Hernandez argues that he did not have knowledge or awareness of the scope, contacts, or arrangements for the deal and was only an unwitting driver; nor did he possess the cocaine at the time of the arrest. A minimal role reduction is improper where the defendant's "conduct is material or essential to committing the offense." United States v. Palinkas, 938 F.2d 456, 460 (4th Cir. 1991). Here, Hernandez's role was an essential part of the transaction. He was the driver, driving the seller and the cocaine to the original location, then following the buyer's agent and the cocaine to the new deal location with the other co-conspirators in the truck, he stayed with the group for approximately two hours while they waited for the buyer to arrive. Hernandez's actions demonstrate that he understood what he and his co-conspirators were undertaking and that he was, at the least, working with the seller to facilitate the deal.

Under these circumstances, we conclude that the district court did not clearly err by refusing to award a greater mitigating role adjustment. Because the district court correctly calculated Hernandez's Guidelines range, there are no procedural defects in his sentence. Hernandez does not

4

challenge on appeal the substantive reasonableness of his sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5