**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4765**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

ABDULLAH ASAD MUJAHID, a/k/a Brian Steven Sweeney,

                Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, District Judge.  (7:09-cr-00149-D-1)

Submitted:  April 19, 2011              Decided:  May 4, 2011

Before WILKINSON and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   George E.B. Holding, United States Attorney, Jennifer P. May-Parker, Toby W. Lathan, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Abdullah Asad Mujahid pleaded guilty to possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006) (Count One), and knowingly possessing a stolen firearm, in violation of 18 U.S.C. § 922(j) (2006) (Count Two). He was sentenced to 300 months' imprisonment for Count One and a concurrent sentence of 120 months' imprisonment, the statutory maximum, on Count Two. Mujahid argues on appeal that his sentence is unreasonable because the sentencing range triggered by the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2006), adequately addressed the grounds for an upward departure for an underrepresented criminal history. We affirm.

We review a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The standard applies "regardless of whether the sentence imposed is 'inside, just outside, or significantly outside the Guidelines range.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (quoting Gall, 552 U.S. at 41). The first step in this review requires that we inspect for procedural reasonableness by ensuring that the district court committed no significant procedural errors. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). We then consider the substantive reasonableness of the sentence imposed,

2

taking into account the totality of the circumstances. <u>Gall</u>, 552 U.S. at 51.

In reviewing a departure, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." <u>United States v. Hernandez-Villanueva</u>, 473 F.3d 118, 123 (4th Cir. 2007). "[A] major departure should be supported by a more significant justification than a minor one." <u>Gall</u>, 552 U.S. at 50.

Pursuant to USSG § 4A1.3, a district court may depart upward from an applicable Guidelines range if "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1), p.s. Upward departures from the highest criminal history category are appropriate "[i]n the case of an egregious, serious criminal record in which even the guideline range for Criminal History Category VI is not adequate to reflect the seriousness of the defendant's criminal history." USSG § 4A1.3 cmt. n.2(b).

In <u>United States v. McNeill</u>, 598 F.3d 161 (4th Cir. 2010), <u>cert. granted</u>,[*] 131 S. Ct. 856 (2011), we considered whether a criminal history category of VI and career offender and armed career criminal enhancements already encompassed the recidivism and criminal history factors that might warrant an upward departure pursuant to USSG § 4A1.3. We found that it did not because "it is clear that the guidelines anticipated that an upward departure might apply in the case of an armed career criminal and that an upward departure might occur where a defendant's criminal history falls within category VI." <u>Id.</u> at 166.

We conclude the district court's decision to depart under § 4A1.3 and its three-offense-level departure were factually supported and that the resulting sentence was reasonable. The district court explained at length its reasons for the departure. Emphasizing Mujahid's extensive criminal history, encompassing forty-nine felony convictions, seventeen of which were violent, the court noted that Mujahid had repeatedly been given the opportunity to abide by the law, but had declined to do so. Moreover, the district court was troubled that, despite the fact that Mujahid was not permitted

---

[*] The Supreme Court granted certiorari in <u>McNeill</u> on a retroactivity issue that does not impact the principle we rely on here.

to possess a firearm, he committed the current offense with a stolen, loaded firearm, and during the course of his crime he pointed that firearm at a sixteen-year-old. Under the circumstances, the district court reasonably found that an offense level of thirty-four yielded the Guidelines range most appropriate in this case.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED