**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-5065**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHADNEY STANBACK,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.   Irene C. Berger, District Judge.  (1:10-cr-00013-1)

_____

Submitted:  September 15, 2011      Decided:  September 27, 2011

_____

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Lex A. Coleman, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  R. Booth Goodwin II, United States Attorney, Miller Bushong, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chadney Stanback appeals his ninety-six month sentence for possession with intent to distribute a quantity of cocaine base in violation of 21 U.S.C. § 841(a)(1) (2006). Stanback argues that his sentence was procedurally unreasonable because the district court erred in calculating his Guidelines sentence by finding that he was a career offender under U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1(a) (2009). A sentence is procedurally unreasonable if the district court improperly calculated the offender's Guidelines range of imprisonment. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010).

Stanback claims that he was not a career offender for purposes of USSG § 4B1.1(a) because he did not possess two prior felony convictions of either a crime of violence or a controlled substance offense. Predicate convictions for career offender status only encompass offenses punishable by imprisonment for a term exceeding one year. USSG § 4B1.2(a), (b). Stanback claims that the district court erred in treating his 2009 North Carolina state conviction for possession with intent to sell cocaine as a predicate conviction.

We conclude that, under North Carolina's structured sentencing regime and in light of Stanback's criminal history, he could not have received a custodial sentence of more than one year for his 2009 cocaine offense. When Stanback raised this

2

argument in the district court, it was foreclosed by our decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005). Subsequently, however, we overruled Harp with our en banc decision in United States v. Simmons, __ F.3d __, 2011 WL 3607266 (4th Cir. Aug. 17, 2011) (en banc). Pursuant to the dictates of Simmons, we sustain Stanback's objection here.

Accordingly, the district court's judgment is affirmed as to the conviction, vacated as to the sentence, and the case is remanded for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED IN PART,<br>VACATED IN PART,<br>AND REMANDED