**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4092**

———————

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

  v.

XAVIER DIAMOND LUCKEY,

       Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:10-cr-00226-TDS-1)

———————

Submitted:  October 12, 2011      Decided:  November 1, 2011

———————

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Clifton T. Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Xavier Diamond Luckey pleaded guilty, pursuant to a plea agreement, to one count of possession of ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006). The district court imposed a custodial sentence of 180 months followed by five years of supervised release. Luckey appeals the length of the term of supervised release. We affirm.

We review a sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). First, we inspect for procedural reasonableness by ensuring that the district court committed no significant procedural errors, such as failing to calculate or improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. We presume that a sentence within a properly-calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). That presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553 factors." United States v. Montes-Pineda, 445

2

F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

The district court provided a cogent and adequate explanation for its imposition of Luckey's sentence. It explained both the mitigating and the aggravating factors that formed the basis for the sentence. The five-year term of supervised release was within the advisory Guidelines range and Luckey has failed to rebut the presumption of reasonableness that attaches to such a sentence.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED