**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4595**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

PETER MICHAEL VANDERWERFF,

               Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:10-cr-00311-NCT-1)

Submitted: December 20, 2011     Decided: December 23, 2011

Before DUNCAN, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Peter Michael Vanderwerff appeals the reasonableness of his 120-month sentence imposed after a plea of guilty to one count of possessing materials containing visual images of child pornography in violation of 18 U.S.C.A. § 2252A(a)(5)(B), (b)(2) (West Supp. 2011).  We affirm.

We review a sentence under a deferential abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007).  We first analyze the procedural reasonableness of the sentence by ensuring that the district court committed no significant procedural errors, such as failing to calculate or improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence.  United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010).  We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances.  Gall, 552 U.S. at 51.  In doing so, we presume that a sentence within a properly-calculated Guidelines range is reasonable.  United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).  That presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553 factors."  United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Contrary to Vanderwerff's assertions, the record discloses that the district court properly set the Guidelines range at 120 months. Thus, we find no procedural unreasonableness in the district court's sentence. Nor do we detect substantive unreasonableness in Vanderwerff's within-Guidelines sentence.[*] The district court cogently explained its rationale for imposing the statutory maximum sentence. In affirming, we respect the district court's broad discretion in weighing the 18 U.S.C. § 3553(a) factors and imposing a defendant's sentence. See United States v. Jeffrey, 631 F.3d 669, 679 (4th Cir.), cert. denied, 132 S. Ct. 187 (2011).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] We acknowledge Appellant's heavy reliance on the Second Circuit's reasoning in United States v. Dorvee, 616 F.3d 174 (2d Cir. 2010) (critiquing the child pornography guideline). We are not persuaded that the approach taken in that case compels us to disturb the district court's sentence here.