**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4440**

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

REX DEAN PENLAND,

　　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:10-cr-00025-NCT-1)

Submitted:  February 23, 2012      Decided:  February 28, 2012

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Graham T. Green, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rex Dean Penland appeals the 120-month sentence imposed by the district court upon his plea of guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). We affirm.

Penland claims his above-Guidelines sentence is both procedurally and substantively unreasonableness. We review a sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to inspect for procedural reasonableness by ensuring that the district court committed no significant procedural errors, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. No presumption of unreasonableness attaches to a sentence outside of a properly-calculated Guidelines range. Id.

Penland contends that the district court inadequately explained its reasons for imposing the sentence. We do not find that to be the case. The district court set forth a cogent and

lengthy explanation laying out its rationale for Penland's sentence. Its reasoning clearly appears on the record: the court found that no sentence would deter Penland from committing future crimes upon release and therefore the statutory maximum sentence was necessary to protect the public. We therefore deny Penland's procedural challenge.

Penland's substantive challenge claims that the district court erred in its assessment of Penland and the threat that he poses to society. From our appellate perch, we recognize that deference is due to the district court's sentence, even if we would have arrived at a somewhat different balancing of the § 3553(a) factors in the first instance. See United States v. Jeffery, 631 F.3d 669, 679 (4th Cir.), cert. denied, 132 S. Ct. 187 (2011). Although Penland's statutory maximum sentence represents a significant variance from the Guidelines range, the record supports the necessity of the variance in this case. To find otherwise would imbue the Guidelines with more than an advisory weight.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

3