**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-5038**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

RASHIAD ROBINSON, a/k/a Day Day, a/k/a D,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. John Preston Bailey, Chief District Judge. (3:11-cr-00012-JPB-DJJ-1)

───────────

Submitted: April 30, 2012         Decided: May 3, 2012

───────────

Before WILKINSON, KING, and WYNN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Kristen M. Leddy, Research and Writing Specialist, Nicholas J. Compton, Assistant Federal Public Defender, Martinsburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Erin K. Reisenweber, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashiad Robinson appeals his sentence of 151 months of imprisonment imposed following his guilty plea to distributing cocaine base, in violation of 21 U.S.C. § 841(a) (2006). Robinson contends that the district court erred in declining to apply the various statutory amendments effected by the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, when calculating his Guidelines range. The Government, although not conceding error, submits that any such error was harmless. We agree, and accordingly affirm.[*]

When considering whether preserved procedural sentencing errors like the one alleged here require resentencing, we apply a harmless error standard. See United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010). Accordingly, we may affirm a sentence despite a district court's procedural sentencing error if the Government can demonstrate that the error "did not have a substantial and injurious effect or influence on the result and we can say with fair assurance

---

[*] Whether the FSA applies to defendants like Robinson who were sentenced after the FSA's August 3, 2010 effective date but whose offense conduct occurred prior to that date will be considered by the Supreme Court in Dorsey v. United States, __ U.S. __, 2011 WL 3422126 (U.S. Nov. 28, 2011) (No. 11-5683), and Hill v. United States, ___ U.S. ___, 2011 WL 3472365 (U.S. Nov. 28, 2011) (No. 11-5721) (consolidated with Dorsey). Nevertheless, we may resolve Robinson's appeal without reaching the issue.

that" the district court's sentence was not affected by the error. Id. (internal quotation marks and alterations omitted).

Here, assuming, without finding, error by the district court, the Government is able to carry this burden. In pertinent part, the FSA increased the threshold quantities of cocaine base needed to trigger certain statutory maximum sentences. Had the district court applied these amended statutory maximums in Robinson's case, his Guidelines range would have been 151 to 188 months' imprisonment, appreciably lower than the 188 to 235-month range the district court calculated at Robinson's sentencing. See 21 U.S.C.A. § 841(b)(1)(B)-(C) (West 1999 & Supp. 2011); U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1(a)-(b) (2010); USSG ch. 5, pt. A. (sentencing table).

However, when sentencing Robinson, the district court departed downward two levels, to reach "the same effect as if [the court had] found that the Fair Sentencing Act applied." Accordingly, because the district court elected to sentence Robinson as though the FSA applied to him, despite its finding that the FSA did not so apply, Robinson received the benefit of the FSA. We can thus say with fair assurance that Robinson's sentence was not affected by the alleged error.

Therefore, we affirm the judgment below. We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED