**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 11-4746**

─────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

LAMBERT DORELL SWEAT,

                    Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, Senior
District Judge.  (2:09-cr-00685-PMD-1)

─────────

Argued:  September 19, 2012          Decided:  December 11, 2012

─────────

Before TRAXLER, Chief Judge,  and KEENAN  and FLOYD, Circuit
Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

**ARGUED:** Cameron Jane Blazer, OFFICE OF THE FEDERAL PUBLIC
DEFENDER, Charleston, South Carolina, for Appellant.  Jeffrey
Mikell Johnson, OFFICE OF THE UNITED STATES ATTORNEY, Columbia,
South Carolina, for Appellee.  **ON BRIEF:** William N. Nettles,
United States Attorney, Columbia, South Carolina, Matthew J.
Modica, Assistant United States Attorney, OFFICE OF THE UNITED
STATES ATTORNEY, Charleston, South Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lambert Dorell Sweat pleaded guilty to various drug and firearm charges. On appeal, he challenges the reasonableness of his 262-month sentence. Finding no reversible error, we affirm.

I.

In January 2009, a confidential informant with the Clarendon County Sheriff's Office ("CCSO") purchased 1.1 grams of cocaine, a bootleg copy of a DVD, and a bottle of liquor from Sweat at Sweat's residence. Several days later, the CCSO executed a search warrant at Sweat's residence, which revealed an additional 18.73 grams of cocaine, 22.89 grams of marijuana, a 12-gauge shotgun and shotgun shells, $4,708 in US currency, 404 counterfeit DVDs, and 79 bottles of liquor. Sweat was charged with various state offenses related to the drugs, alcohol, and DVDs. While on bond for these state charges, Sweat was federally indicted and a bench warrant was issued. The three-count indictment charged Sweat with possession with intent to distribute marijuana and cocaine, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1); and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1).

2

When Clarendon County investigators subsequently happened upon Sweat in a Wal-Mart store and attempted to arrest him on the outstanding bench warrant, Sweat eluded the investigators and fled to his home, where he barricaded himself inside. The investigators proceeded to Sweat's residence. After knocking on the door of the residence and announcing their presence proved unsuccessful, the investigators used the public address system from a marked patrol car to demand that Sweat exit his home. At that point, Sweat opened the door, yelled "F--- you," and went back inside. A captain with the CCSO then arrived on the scene with tactical equipment and launched several canisters of pepper spray into Sweat's residence. Sweat cursed at the officers again but eventually exited his home and was arrested. After securing the residence, law enforcement officers found an additional .23 grams of cocaine and 216 additional counterfeit DVDs. Sweat ultimately pleaded guilty to each count in the indictment.

Sweat's Sentencing Guidelines range was 262 to 327 months' imprisonment, which took into account his acceptance of responsibility, see U.S.S.G. § 3E1.1 (2010), and the fact that he qualified as a career offender, see U.S.S.G. § 4B1.1. Both before and at sentencing, Sweat sought a below-Guidelines sentence. He did not challenge application of the career offender Guideline but argued instead that a within-Guidelines

3

sentence would be more than necessary to achieve the sentencing purposes set forth in 18 U.S.C. § 3553(a). Specifically, Sweat argued that he was susceptible to rehabilitation and that he had used his pre-sentence incarceration wisely by completing a drug treatment program, leading Bible studies, and mentoring other inmates. The government opposed any deviation below the Guidelines range and contested Sweat's characterization of himself by emphasizing Sweat's conduct in eluding and cursing at law enforcement officers when they attempted to arrest him. The district court ultimately sentenced Sweat to a bottom-of-the-Guidelines sentence of 262 months' imprisonment. Sweat now challenges the procedural and substantive reasonableness of this sentence.

II.

We review a sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We "first ensure that the district court committed no significant procedural error." Id. at 51. A sentence is procedurally unreasonable if, inter alia, the district court fails to recognize its authority to deviate from the Guidelines, see id., or fails to provide an individualized sentence, see United States v. Carter, 564 F.3d 325, 328-30 (4th Cir. 2009). If we find that the sentence is procedurally reasonable, we will

4

then consider its substantive reasonableness, taking into account the totality of the circumstances. See Gall, 552 U.S. at 51. "An appellate court may presume that a within-Guideline sentence is substantively reasonable . . . ." Carter, 564 F.3d at 330 n.2 (emphasis omitted).


                                III.

Sweat argues that the district court procedurally erred at sentencing for two independent reasons. He first contends that the district court failed to recognize its authority to deviate from the Guidelines. Because the Guidelines are "effectively advisory," United States v. Booker, 543 U.S. 220, 245 (2005), a sentencing court has the discretion to deviate from the Guidelines range in order to impose a sentence that is "sufficient, but not greater than necessary," Kimbrough v. United States, 552 U.S. 85, 111 (2007) (internal quotation marks omitted). A sentencing court that treats the Guidelines range as mandatory, however, commits procedural error. See Gall, 552 U.S. at 51. Sweat also argues that the district court committed procedural error by failing to provide an individualized sentence. A district court "must make an individualized assessment" and "must apply the relevant § 3553(a) factors to the specific circumstances of the case." Carter, 564 F.3d at 328 (internal quotation marks and emphasis omitted). However,

5

when a within-Guidelines sentence is imposed, the "individualized assessment need not be elaborate or lengthy," id. at 330, "because guidelines sentences themselves are in many ways tailored to the individual and reflect approximately two decades of close attention to federal sentencing policy," United States v. Johnson, 587 F.3d 625, 639 (4th Cir. 2009) (internal quotation marks omitted). The government disputes that the district court failed to provide an adequately individualized sentence and also argues, in the alternative, that any such error would be harmless. See United States v. Boulware, 604 F.3d 832, 837-40 (4th Cir. 2010) (applying harmless error analysis to procedural error involving failure to provide individualized sentence).

At sentencing in the instant case, the district court spoke to Sweat at length about his personal circumstances and his specific offenses. In doing so, the court clearly and carefully responded to the arguments presented by defense counsel and by the defendant himself. Defense counsel presented the best reasons she could for a sentence below the Guidelines, but those arguments were, in the final analysis, weak, as in Boulware. Thus, we can safely say that to the extent any error occurred, it was harmless.

With respect to the argument that the district court failed to recognize its discretion to decline imposition of a sentence

6

under the career offender Guidelines, as occurred in United States v. Herder, 594 F.3d 352 (4th Cir. 2010), we have reviewed the totality of the court's comments, during the taking of Sweat's plea and at sentencing, and we are satisfied that the court understood its discretion in this regard and understood that it was not bound to follow the Guidelines, even in a career offender context.

IV.

Sweat's remaining challenge is to the substantive reasonableness of his within-Guidelines sentence. By relying on our decision in United States v. Engle, 592 F.3d 495 (4th Cir. 2010), Sweat contends that his sentence was substantively unreasonable because the district court relied on a single sentencing factor—the Guidelines range in this case—to the exclusion of the other relevant factors. We disagree. The district court considered a variety of the sentencing factors, and Sweat simply disagrees with how the court evaluated those factors and arrived at the sentence. Therefore, the sentence was substantively reasonable.

V.

For the foregoing reasons, we affirm Sweat's sentence.

AFFIRMED