**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————————

**No. 18-4838**

—————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIEL LEE WADE, JR.,

Defendant - Appellant.

—————————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Louise W. Flanagan, District Judge. (4:17-cr-00067-FL-1)

—————————————

Submitted:  June 28, 2019                                    Decided:  July 12, 2019

—————————————

Before NIEMEYER, KEENAN, and RUSHING, Circuit Judges.

—————————————

Affirmed by unpublished per curiam opinion.

—————————————

James M. Ayers, II, AYERS & HAIDT, PA, New Bern, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Bryan M. Stephany, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

—————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Lee Wade, Jr., pled guilty, without a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012). The district court imposed a within-Guidelines sentence of 120 months in prison.

On appeal, Wade contends that the district court erred at sentencing by applying a cross-reference to attempted murder, *see* U.S. Sentencing Guidelines Manual §§ 2A2.1(a), 2K2.1(c)(1)(A), 2X1.1(a) (2016); miscalculating his criminal history score; and adopting a presentence report with information that could support certain enhancements had the district court calculated Wade's Sentencing Guidelines range without the cross-reference to attempted murder. Finding no error, we affirm.

We review a defendant's sentence for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). In determining procedural reasonableness, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id*. at 51. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id*. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295,

306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id*.

Wade first challenges the application of the cross-reference in USSG § 2K2.1(c)(1). We review the factual findings underlying a district court's application of a Guidelines cross-reference for clear error and its legal conclusions de novo. *United States v. Ashford*, 718 F.3d 377, 380, 383 (4th Cir. 2013).

"In the event of a conviction for illegal possession of a firearm, USSG § 2K2.1(c) authorizes a district court to substitute the offense level for any criminal offense that the defendant committed or attempted to commit in connection with the possession of the firearm." *Id*. at 381. Section 2K2.1(c)(1) states:

> If the defendant used or possessed any firearm or ammunition cited in the offense of conviction in connection with the commission or attempted commission of another offense . . . apply—
> (A) § 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined [under USSG § 2K2.1(a), (b)].

USSG § 2K2.1(c)(1). Section 2X1.1(a), which applies to attempt, solicitation, or conspiracy, directs courts to use the base offense level for the underlying substantive offense.

In the case of an attempted offense of murder, USSG § 2A2.1(a)(1) provides for a base offense level of 33 if the attempted murder would have constituted first degree murder, as defined in 18 U.S.C. § 1111 (2012); otherwise, pursuant to USSG § 2A2.1(a)(2), the offense level is 27. Section 1111(a), in turn, defines murder as "the unlawful killing of a human being with malice aforethought," noting that a "willful,

deliberate, malicious, and premediated killing" qualifies as murder in the first degree. Thus, to apply USSG § 2A2.1(a)(2), the sentencing court must find by a preponderance of the evidence that the defendant acted with malice aforethought but not with premeditation. *United States v. Williams*, 342 F.3d 350, 356 (4th Cir. 2003); *see United States v. Davis*, 679 F.3d 177, 182 (4th Cir. 2012) ("[T]he Government has the burden to prove a cross-referenced offense by a preponderance of the evidence.").

"To prove malice, the Government does not have to show an intent to kill or injure." *Williams*, 342 F.3d at 356. Instead, malice aforethought "may be established by evidence of conduct which is reckless and wanton and a gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that defendant was aware of a serious risk of death or serious bodily harm." *Ashford*, 718 F.3d at 384 (alteration and internal quotation marks omitted).

Wade asserts that the lack of evidence of premeditation precludes application of the cross-reference to attempted murder. However, because the district court did not apply the cross-reference to murder in the first degree, *see* USSG § 2A2.1(a)(1), but instead applied USSG § 2A2.1(a)(2), which refers to murder <u>not</u> in the first degree and, thus, does not require evidence of premeditation, Wade's argument lacks merit.

Wade next contends that neither the indictment nor the presentence report contains facts to support the application of the cross-reference to attempted murder, first degree or otherwise. We disagree.

The uncontested evidence before the sentencing court was that, on July 16, 2017, Wade was involved in an argument with a woman; he struck her with his gun; and, when

4

she attempted to flee in a vehicle, he shot at least 10 rounds at the departing vehicle, striking the victim in the hip and causing significant bleeding. When Wade was arrested on July 20, 2017, he was in possession of a gun, from which his DNA was recovered, and ammunition that matched the casings recovered from the July 16 shooting. We conclude that a preponderance of the evidence established that Wade's conduct demonstrated reckless and wanton behavior and a gross deviation from a reasonable standard of care such that a factfinder would be warranted in inferring that Wade was aware that there was a risk of death or serious bodily harm. Furthermore, a preponderance of the evidence established that the firearm and ammunition Wade possessed in the offense of conviction was the same firearm and ammunition used in the attempted murder. *See* USSG § 2K2.1(c)(1) (specifying that, in order for cross-reference to apply, firearm or ammunition used in connection with attempted commission of another offense must be same firearm or ammunition cited in offense of conviction). Accordingly, we find that the district court did not clearly err in applying the cross-reference to attempted murder.

Next, Wade challenges the district court's calculation of his criminal history score. Wade contends that he did not commit the instant offense while under a criminal justice sentence and, therefore, the district court erred in applying a two-point increase to his criminal history score. We find that any error by the district court was harmless because, as Wade conceded at his sentencing, the additional two points have no impact on his Guidelines range of 120 months' imprisonment. *See Puckett v. United States*, 556 U.S. 129, 141 (2009) (noting that "procedural errors at sentencing . . . are routinely subject to

5

harmlessness review"); *United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (applying harmless-error review of alleged procedural error).

Finally, Wade argues that various enhancements should not apply to the calculation of his Sentencing Guidelines range under USSG § 2K2.1. In light of our holding that the district court properly applied the cross-reference to attempted murder at USSG § 2A2.1(a)(2), we need not reach these claims on appeal.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*