**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4393

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALICE FELDER-LUCAS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Mary G. Lewis, District Judge.  (3:20-cr-00088-MGL-1)

Submitted:  January 19, 2023                              Decided:  June 27, 2023

Before HARRIS, RICHARDSON, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**:  Jeremy A. Thompson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Adair F. Boroughs, United States Attorney, T. DeWayne Pearson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alice Felder-Lucas appeals the 41-month sentence imposed following her convictions for making false claims against the United States, in violation of 18 U.S.C. § 287, and theft of government funds, in violation of 18 U.S.C. § 641. On appeal, Felder-Lucas argues that her within-Guidelines-range sentence is procedurally unreasonable because the district court did not address or explain its rejection of one of her mitigating arguments at sentencing.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021) (internal quotation marks omitted). First, we must determine whether the sentence is procedurally reasonable, which includes ensuring that the district court "address[ed] or consider[ed] all non-frivolous reasons presented for imposing a different sentence" and explained its rejection of those arguments. *See United States v. Webb*, 965 F.3d 262, 270 (4th Cir. 2020) (internal quotation marks omitted). As long as the district court addresses the "central thesis" of the defendant's arguments, an exhaustive explanation is not required. *United States v. Powers*, 40 F.4th 129, 137 (4th Cir. 2022) (internal quotation marks omitted). Moreover, an insufficient explanation for a chosen sentence can be harmless where the Government "demonstrates that the error did not have a substantial and injurious effect or influence on the result and we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." *United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (cleaned up).

2

Felder-Lucas argues that the district court erred by failing to specifically address her argument that the court should impose a downward-variant sentence because she was the primary caregiver for her father. That is not, however, the argument that Felder-Lucas presented at sentencing. Rather, Felder-Lucas stated at that time, without additional explanation or evidence, that she wished to "spend some time" with her father because he was "ill" and "in hospice." In the context of this case, we conclude that the district court did not reversibly err by not directly addressing or explaining its rejection of this argument. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*