**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4491**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DAVID L. NORMAN,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.   James P. Jones, District Judge.  (2:10-cr-00004-jpj-pms-2)

Submitted:  September 26, 2011     Decided:  October 3, 2011

Before DAVIS and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Nancy Combs Dickenson, Assistant Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, Abingdon, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Debbie H. Stevens, Special Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David L. Norman pled guilty to one count of possession of a prohibited object in prison in violation of 18 U.S.C. § 1791(a)(2) (2006). The district court sentenced Norman at the top of the Guidelines range to thirty months' imprisonment. Norman appeals his sentence, contending that the court summarily rejected his argument that his extended period in punitive segregation in the Special Housing Unit warranted a variance or departure from the advisory Guidelines range. Norman also contends that the court failed to articulate why the factors under 18 U.S.C. § 3553(a) (2006) supported a sentence at the top end of the advisory Guidelines range. We affirm.

We review a sentence for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). A reasonableness review includes both procedural and substantive components. Id. A sentence is procedurally reasonable where the district court committed no significant procedural errors, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or insufficiently explaining the selected sentence. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). The substantive reasonableness of a sentence is assessed in light of the totality of the circumstances. Gall, 552 U.S. at 51. While a sentence may be

2

substantively unreasonable if the § 3553(a) factors do not support the sentence, "[r]eviewing courts must be mindful that, regardless of 'the individual case,' the 'deferential abuse-of-discretion standard of review . . . applies to all sentencing decisions.'" United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir.), cert. denied, 131 S. Ct. 2946 (2011) (citing Gall, 552 U.S. at 52). Moreover, a sentence that falls within a properly calculated Guidelines range is presumptively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

We find Norman's claims to be without merit. The record discloses that the district court properly considered the factors under § 3553(a), and explained why the thirty-month sentence was imposed. The court expressly mentioned Norman's tenure in the Special Housing Unit as a factor for consideration, and stated that if not for his time there, the court might have imposed a longer sentence.

We accordingly affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED