**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4484**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

YOLANDA MEDINA POZ,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  Henry M. Herlong, Jr., Senior
District Judge.  (7:10-cr-00830-HMH-2)

Submitted:  November 22, 2011       Decided:  November 29, 2011

Before WILKINSON, DAVIS, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jessica Salvini, SALVINI & BENNETT, LLC, Greenville, South
Carolina, for Appellant.  William N. Nettles, United States
Attorney, David C. Stephens, Assistant United States Attorney,
Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yolanda Medina Poz appeals her forty-six month sentence following her guilty plea to conspiracy to commit tax fraud in violation of 18 U.S.C. § 371 (2006) and mail fraud in violation of 18 U.S.C.A. § 1341 (West Supp. 2011). We affirm.

Poz first argues that the district court erred in applying a four-level enhancement under U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1 (2010). Pursuant to USSG § 3B1.1(a), a four-level enhancement may be imposed if "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive[.]" A district court need only find the facts supporting a § 3B1.1(a) enhancement by a preponderance of the evidence. United States v. Urrego-Linares, 879 F.2d 1234, 1238 (4th Cir. 1989). In reviewing the district court's calculations under the Guidelines, this court "review[s] the district court's legal conclusions de novo and its factual findings for clear error." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks and citation omitted). Whether to apply an enhancement based on a defendant's role in the offense is a factual determination reviewed on appeal for clear error. United States v. Kellam, 568 F.3d 125, 147-48 (4th Cir. 2009).

There is evidence that Poz maintained thorough records of the fraudulent activity, advised other participants, arranged the collection of paperwork and distribution of fraudulent returns, and received a monetary benefit from each transaction. Further, there is evidence that the scheme involved a substantial amount of tax fraud. We therefore conclude that the district court did not clearly err in its finding.

Poz also argues that the district court misapplied the sentencing factors in 18 U.S.C. § 3553(a) (2006) and that the court failed to sufficiently explain the reasons for its selected sentence. Because the issue was preserved on appeal, review in this court is for harmless error. United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010). The district court explained its reasons for selecting a sentence at the high end of the Guidelines range by discussing the degree, scope, and nature of Poz's conduct. See United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (district court must make an "individualized assessment" based on the facts of the case, though that assessment need not be lengthy or elaborate). We conclude that the district court adequately stated its grounds for the within-Guidelines sentence and therefore did not err.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED