**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5245**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TERRELL ROGERS, a/k/a Tavon,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William M. Nickerson, Senior District
Judge.  (1:09-cr-00467-WMN-1)

Submitted:  November 10, 2011          Decided:  December 7, 2011

Before DUNCAN, DAVIS, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Joanna Silver, Staff
Attorney, Baltimore, Maryland, for Appellant.  Rod J.
Rosenstein, United States Attorney, Judson T. Mihok, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrell Rogers appeals his 292-month prison sentence for convictions of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2006), possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (2006), and conspiracy to engage in witness tampering in violation of 18 U.S.C. § 1512(k) (2006). We affirm.

We review a sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to inspect for procedural reasonableness by ensuring that the district court committed no significant procedural errors, such as failing to calculate or improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. We presume that a sentence within a properly-calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Rogers first asserts that the district court improperly calculated his Guidelines range by applying the

2

attempted first degree murder cross reference. A sentencing court may find the facts relevant to applying the cross reference by a preponderance of the evidence as long as the Guidelines are treated as advisory and the sentence falls within the statutory maximum authorized by the jury's verdict. United States v. Wright, 594 F.3d 259, 267-68 (4th Cir. 2010).

For Guidelines purposes, first degree murder is defined as conduct that would constitute first degree murder under 18 U.S.C. § 1111 (2006). U.S. Sentencing Guidelines Manual ("USSG") § 2A2.1 cmt. n.1 (2009). The statute defines first degree murder to include "the unlawful killing of a human being with malice aforethought. Every murder perpetrated by . . . any . . . kind of willful, deliberate, malicious, and premeditated killing . . . is murder in the first degree." 18 U.S.C. § 1111(a). Any other murder is murder in the second degree. Id.

Malice aforethought is a necessary component of first or second degree murder; it may be inferred from the whole facts and circumstances surrounding the killing. United States v. Williams, 342 F.3d 350, 356 (4th Cir. 2003). "[M]alice aforethought may be established by evidence of conduct which is reckless and wanton and a gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that defendant was aware of a serious risk of death or

3

serious bodily harm." Id. (internal quotation marks omitted). An intent to kill or injure is not a necessary component of malice. Id.

Because felony murder was not at issue here, a finding of premeditation was essential for a finding of attempted first degree murder. Id. We have previously stated that "no particular period of time for reflection is essential to a finding of premeditation and deliberation." United States v. Sinclair, 301 F. App'x 251, 255 (4th Cir. 2008) (per curiam) (citing Faust v. North Carolina, 307 F.2d 869, 871 (4th Cir. 1962)). "While the amount of time for reflection may vary, 'it is the fact of deliberation, of second thought that is important.'" Sinclair, 301 F. App'x at 255 (quoting United States v. Frappier, 807 F.2d 257, 261 (1st Cir. 1986)).

We conclude that the facts are sufficient to support the district court's finding of malice aforethought and premeditation. Rogers had ample opportunity to reflect on his decision to disengage from a fistfight and retrieve the gun, to get into the car with the victim, and to aim the gun at the victim at point blank range. The evidence also supported a finding that the gun discharged before the car's final crash, thus supporting a finding that it is more likely than not that Rogers intentionally fired the gun at the victim. We find no reversible error with the district court's finding by a

4

preponderance of the evidence that Rogers formed the deliberate premeditation necessary to support the attempted first degree murder cross reference.

Rogers also claims error with the district court's depth of explanation in imposing his sentence. A district court's explanation in imposing a sentence must be "sufficient 'to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" Boulware, 604 F.3d at 837 (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). But when a sentencing court decides simply to apply the Guidelines, "doing so will not necessarily require lengthy explanation." Rita, 551 U.S. at 356. "This is because guidelines sentences themselves are in many ways tailored to the individual and reflect approximately two decades of close attention to federal sentencing policy." United States v. Johnson, 587 F.3d 625, 639 (4th Cir. 2009) (internal quotation marks omitted).

We find that the district court adequately explained its basis for imposing Rogers' sentence. The district court noted the extensiveness of Rogers' criminal history and the troubling nature of his offenses. A sentencing court need not "robotically tick through § 3553(a)'s every subsection," United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006), nor must

5

it explicitly state its rationale for the rejection of every unsuccessful argument brought before it. Given the within-Guidelines sentence - indeed, the sentence imposed was at the very bottom of the properly calculated Guidelines range - the district court satisfied its duty of explanation.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED