**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4315**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JULIO ANTONIO ARREOLA HUIZAR,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:10-cr-00356-TDS-1)

Submitted: November 22, 2011            Decided: December 7, 2011

Before WILKINSON, NIEMEYER, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julio Antonio Arreola Huizar appeals the seventy-one month sentence imposed after he pled guilty, pursuant to a written plea agreement, to illegally reentering the United States after being deported for committing a felony, in violation of 8 U.S.C. § 1326(a), (b)(1) (2006). On appeal, he argues that his sentence is procedurally and substantively unreasonable because the district court failed to address mitigating factors he raised at sentencing, the sentence imposed creates an unwarranted disparity when compared with defendants sentenced in "fast-track" jurisdictions, and the sentence is unduly harsh in light of his personal characteristics.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46-47 (2007); United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. We then "'consider[] the substantive reasonableness of the sentence

2

imposed.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (quoting Gall, 552 U.S. at 51) (internal alterations omitted).

"When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50) (emphasis omitted). Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must "'state in open court'" the particular reasons that support its chosen sentence. Id. (quoting 18 U.S.C.A. § 3553(c) (West 2000 & Supp. 2011)). The court's explanation need not be exhaustive; however, it must be "sufficient 'to satisfy the appellate court that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority.'" United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (alterations omitted).

Our review of the record leads us to conclude that the district court, with the exception discussed below, adequately addressed arguments asserted by Huizar and sufficiently explained its sentencing determination.

Huizar argues that his sentence was procedurally unreasonable because the court failed to address his argument

3

that he should receive a lower sentence in order to avoid sentencing disparities with other similarly situated defendants convicted and sentenced in other federal districts who are given more lenient sentences based on the fast-track programs in such districts. Although the district court failed to explicitly address Huizar's fast-track argument, we conclude that any error was harmless. Boulware, 604 F.3d at 838. This Court previously held that the type of fast-track disparities among defendants in different districts "are 'warranted' as a matter of law." United States v. Perez-Pena, 453 F.3d 236, 243 (4th Cir. 2006). In fact, "refusing to sentence [Huizar] as if he were a fast-track defendant is not 'penalizing' him for not accepting a deal that the Government never offered . . . ; rather, it is simply not rewarding him for conferring a benefit upon the Government that he did not confer." Id. at 243.

Huizar next argues that his within-Guidelines sentence is substantively unreasonable because his ties to his community, his good work history, and his history of drug addiction warrant a lower sentence. Huizar fails to explain how these personal characteristics render his within-Guidelines sentence of seventy-one months' imprisonment unreasonable. We conclude that his arguments are without merit.

Accordingly, we affirm Huizar's sentence. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED