**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4602**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

COREY LEON WHITE,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Henry Coke Morgan, Jr., Senior District Judge.  (4:10-cr-00109-HCM-TEM-1)

———————

Submitted:  January 12, 2012      Decided:  February 2, 2012

———————

Before MOTZ, GREGORY, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael S. Nachmanoff, Federal Public Defender, Keith L. Kimball, Assistant Federal Public Defender, Norfolk, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Eric M. Hurt, Assistant United States Attorney, Newport News, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Leon White appeals the seventy-eight month sentence imposed by the district court upon his plea of guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a) (2006). We affirm.

White claims his above-Guidelines sentence is substantively unreasonable. We review a sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to inspect for procedural reasonableness by ensuring that the district court committed no significant procedural errors, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. No presumption of unreasonableness attaches to a sentence outside of a properly-calculated Guidelines range. Id.

White contends that the seventy-eight month sentence is unduly harsh given the unexceptional offense conduct and other mitigating factors. The district court premised the upward variance, however, on White's uninterrupted history of

criminal activity and concomitant need for added deterrence.  In White's case, we do not find that a seventy-eight month sentence is harsher than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>AFFIRMED</u>