**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4943

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

REGGIE LEE WIMBUSH,

          Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:11-cr-00267-MOC-1)

Submitted: May 14, 2013          Decided: May 30, 2013

Before DAVIS, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Henderson Hill, Executive Director, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Ann L. Hester, Assistant Federal Defender, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Melissa L. Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reggie Lee Wimbush appeals the district court's judgment imposing a 57-month sentence following his guilty plea to one count of wire fraud, in violation of 18 U.S.C.A. § 1343 (West Supp. 2013); one count of mail fraud, in violation of 18 U.S.C.A. § 1341 (West Supp. 2013); one count of theft of public money, in violation of 18 U.S.C. § 641 (2006); one count of identity fraud, in violation of 18 U.S.C. § 1028(a)(7), (b)(1)(D) (2006); and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), (b) (2006). Wimbush argues that his sentence is procedurally unreasonable because the district court failed to address specific mitigating factors raised by counsel at the sentencing hearing.[*] We affirm.

We review Wimbush's sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007). The court first reviews for "significant procedural error," which includes "failing to consider the § 3553(a) factors" and "failing to adequately explain the chosen sentence." Id. at 51. To avoid these

---

[*] Wimbush preserved this claim by "drawing arguments from § 3553 for a sentence different than the one ultimately imposed." United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010).

procedural errors, the district court must make an "individualized assessment" in which it applies the relevant § 3553(a) factors to the specific facts of the defendant's case. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (emphasis omitted). An extensive explanation of the sentence is not required as long as the appellate court is satisfied "'that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority.'" United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (brackets omitted).

Contrary to Wimbush's arguments, we find that the district court clearly considered the § 3553(a) factors and arguments in mitigation and adequately explained the sentence. See United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006) (stating that district court must only provide "some indication" that it "considered the potentially meritorious arguments raised by both parties about sentencing"). We therefore conclude that Wimbush's sentence is procedurally reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED