**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 13-4283**

—————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

FLORENTINO CASTANEDA-PELAEZ, a/k/a Florentino Castanada-
Palaez, a/k/a Alejandro Mendoza-Rivielo,

             Defendant - Appellant.

—————————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton Tilley,
Jr., Senior District Judge.  (1:12-cr-00390-NCT-1)

—————————

Submitted:  October 28, 2013          Decided:  November 8, 2013

—————————

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

J. Clark Fischer, RANDOLPH & FISCHER, Winston-Salem, North
Carolina, for Appellant.  Ripley Rand, United States Attorney,
Kyle D. Pousson, Special Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Florentino Castaneda-Pelaez, a native and citizen of Mexico, appeals his 24-month sentence imposed upon his guilty plea to re-entering the United States after previously being deported, 8 U.S.C. § 1326 (2006). Castaneda-Pelaez argues that his above-Guidelines sentence was unreasonable. We disagree and affirm his sentence.

Castaneda-Pelaez was first deported from the United States in April 1993, following a state court conviction for assault. Castaneda-Pelaez subsequently returned to the United States and was convicted of three separate violent offenses involving family members. In 1998, Castaneda-Pelaez was convicted of illegal re-entry of a deported alien and sentenced to 10 months' imprisonment. He again returned to the United States and was again convicted of illegal re-entry and received a sentence of 36 months' imprisonment. Castaneda-Pelaez was deported for a third time in February 2010. He was arrested in North Carolina in September 2011 on unrelated charges, using an alias. After he was identified using a fingerprint database, Castaneda-Pelaez was again charged with illegal re-entry by a previously deported alien. He pled guilty pursuant to a written plea agreement.

Based on a total offense level of 10 and a criminal history category of III, Castaneda-Pelaez's advisory Guidelines

range was 10 to 16 months' imprisonment.  However, the district court granted the Government's request for an upward variance, sentencing Castaneda-Pelaez to 24 months' imprisonment.

We review sentences for reasonableness "under a deferential abuse-of-discretion standard."  Gall v. United States, 552 U.S. 38, 41, 51 (2007).  This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence.  Id. at 51.  In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence.  Id. at 49-51.  If the sentence is free of significant procedural error, this Court reviews it for substantive reasonableness, "tak[ing] into account the totality of the circumstances."  Id. at 51.

"When rendering a sentence, the district court must make an individualized assessment based on the facts presented," United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted), and must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing."  Gall, 552 U.S. at 50.  An extensive explanation is

3

not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). When a district court imposes a sentence that falls outside of the applicable Guidelines range, this Court considers "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez–Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). In conducting this review, this court "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51.

Our review of the record discloses that the district court provided an adequate explanation for the variant sentence imposed. Considered in the context of the entire sentencing hearing, the district court's statements provide a sufficient explanation to satisfy this Court that it had "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 552 U.S. 338, 356 (2007). Specifically, the court

4

identified Castaneda-Pelaez's violent criminal history as well as his prior incarcerations for the identical offense, noting that "the 36 months he got back in 2007 for re-entering without permission didn't dissuade his return." We find that the district court adequately explained the above-Guidelines sentence and committed no other error. Accordingly, we affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED