**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4767**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

WAYNEMON DEMOUNT BULLOCK,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:12-cr-00365-F-2)

Submitted:  January 29, 2015          Decided:  March 12, 2015

Before AGEE, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mitchell G. Styers, BANZET, THOMPSON & STYERS, PLLC, Warrenton, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Waynemon Demount Bullock of retaliation against a witness for his attendance and testimony at an official proceeding, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1513(b)(1), 2 (2012). The district court imposed a downward variant sentence of ninety-two months. On appeal, Bullock challenges his conviction and sentence. Finding no reversible error, we affirm.

I.

A conviction under § 1513(b)(1) requires proof beyond a reasonable doubt that "(1) the defendant knowingly engaged in conduct either causing, or threatening to cause, bodily injury to another person, and (2) acted with the intent to retaliate for, inter alia, the testimony of a witness at an official proceeding." United States v. Wardell, 591 F.3d 1279, 1291 (10th Cir. 2009). Bullock first challenges the district court's jury instructions, arguing that the aiding and abetting instruction eliminated the retaliatory intent element of the offense and that an instruction on another count, under 18 U.S.C. § 1513(b)(2) (2012), confused the jury as to the knowledge and intent Bullock had to possess for the jury to convict him under 18 U.S.C. § 1513(b)(1). "We review the district court's jury instructions in their entirety and as part of the whole trial, and focus on whether the district court

2

adequately instructed the jury regarding the elements of the offense and the defendant's defenses." <u>United States v. Wilson</u>, 198 F.3d 467, 469 (4th Cir. 1999) (citation omitted).

We review Bullock's challenges to the jury instructions for plain error. Bullock raised no objection to the aiding and abetting instruction below; while he did object to the § 1513(b)(2) instruction, he did so on grounds other than that it confused the jury about the elements of § 1513(b)(1), the issue he raises here. <u>See</u> Fed. R. Crim. P. 30(d) (requiring party to inform district court of specific grounds for objection to instruction; otherwise, review is for plain error under Fed. R. Crim. P. 52(b)); <u>United States v. Robinson</u>, 627 F.3d 941, 953 (4th Cir. 2010).

After properly instructing the jury on the elements of 18 U.S.C. § 1513(b)(1), the district court instructed the jury regarding aiding and abetting, stating that "[a] person may violate the law even though he or she does not personally do every — each and every act constituting the offense if that person aided and abetted the commission of the offense." We conclude that this instruction was neither erroneous nor misleading. As a defendant's intent, knowledge, and motivation when committing an offense are not acts, the aiding and abetting instruction did not diminish the finding the jury needed to make regarding Bullock's retaliatory intent.

3

Bullock next argues that the instructions on the 18 U.S.C. § 1513(b)(2) charge confused the jury as to the elements of §1513(b)(1). The district court instructed the jury that, to find Bullock guilty of retaliating against a person for providing a law enforcement officer information related to the commission of a federal offense, it did not need to find that Bullock knew that the law enforcement officer was a federal law enforcement officer.

We perceive no likelihood that the instruction at issue confused the jury regarding the elements of 18 U.S.C. § 1513(b)(1). First, Bullock's conviction of retaliation against a witness for his attendance and testimony at an official proceeding did not require involvement of a law enforcement officer. Second, the district court twice properly instructed the jury that to convict Bullock under 18 U.S.C. § 1513(b)(1), it needed to find that Bullock knew the official proceeding was a federal one. Accordingly, we find no reason to reverse Bullock's conviction based on the jury instructions.

Bullock also attacks his conviction by asserting that the Government failed to produce sufficient evidence establishing that he knew the victim had testified in a federal proceeding or that he entered the affray with the intent to retaliate against the victim for his testimony. We review challenges to the sufficiency of evidence de novo. <u>United</u>

4

States v. Roe, 606 F.3d 180, 186 (4th Cir. 2010). "The jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it, where substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Perry, 757 F.3d 166, 175 (4th Cir. 2014) (emphasis and internal quotation marks omitted), cert. denied, ___ S. Ct. ___, 2015 WL 133401 (U.S. Jan. 12, 2015) (No. 14-7289).

Although Bullock testified that he did not know that the victim testified in a federal proceeding, three of the Government's witnesses provided the jury with ample testimony to conclude beyond a reasonable doubt that Bullock was aware of the victim's testimony at the time of the altercation and joined in the fight in retaliation for the victim's testimony. We do not reweigh the jury's credibility determinations, United States v. Kelly, 510 F.3d 433, 440 (4th Cir. 2007), and Bullock has not sustained his burden of showing that the evidence was insufficient to support his conviction.

II.

Bullock challenges the procedural and substantive reasonableness of his sentence. We review Bullock's sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). A

5

district court commits procedural error where, among other things, it improperly calculates the Guidelines range, fails to give sufficient consideration to the 18 U.S.C. § 3553(a) (2012) factors, or inadequately explains the sentence imposed. Id. at 51. Legal conclusions made by the district court in imposing a sentence, including which U.S. Sentencing Guidelines Manual ("USSG") (2012) provision is applicable for scoring an offense of conviction, are reviewed de novo. United States v. Boulware, 604 F.3d 832, 835 (4th Cir. 2010).

When reviewing a sentence for substantive reasonableness, we "examine[] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). "[A]n appellate court must defer to the trial court and can reverse a sentence only if it is unreasonable, even if the sentence would not have been the choice of the appellate court." United States v. Evans, 526 F.3d 155, 160 (4th Cir. 2008). A sentence within the defendant's properly calculated Guidelines range is presumed substantively reasonable on appeal, and "[s]uch a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a)

factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

First, Bullock argues that the district court should have applied USSG § 2A2.2, governing aggravated assault offenses, rather than USSG § 2J1.2, governing obstruction of justice offenses. The Statutory Index in the Guidelines Manual lists both USSG §§ 2A2.2 and 2J1.2 as potentially applicable provisions for scoring a conviction under 18 U.S.C. § 1513(b)(1). See USSG App. A (Statutory Index). To determine which provision is most applicable, a court must look at the "offense conduct charged" in the indictment. Boulware, 604 F.3d at 836. If both provisions are "equally applicable" a court should apply "the provision that results in the greater offense level." USSG § 1B1.1 cmt. n.5.

With regard to the 18 U.S.C. § 1513(b)(1) charge, Bullock's indictment alleged that he "cause[d] bodily injury to another person" and that he did so "with the intent to retaliate against a person for the attendance of, and testimony given by, a witness." Accordingly, the charged conduct, read in a light most favorable to Bullock, falls at least equally within both of the potentially applicable provisions. Compare USSG § 2A2.2 cmt. background with USSG § 2J1.2 cmt. background. Where scoring Bullock's offense of conviction under USSG § 2J1.2

7

produced a higher total offense level, the district court did not procedurally err when it applied USSG § 2J1.2.

Second, Bullock argues that the district court procedurally erred when it varied downward without explaining the extent of its variance or why the lower sentence Bullock sought did not satisfy the 18 U.S.C. § 3553(a) factors. Where the district court imposes a variant sentence, it "must give serious consideration to the extent of the . . . variance, and must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." United States v. Montes-Flores, 736 F.3d 357, 371 (4th Cir. 2013) (internal quotation marks omitted). In this case, the district court did not specify why the extent of the chosen variance was appropriate. Furthermore, the district court, while stating that it had considered the § 3553(a) factors and making a brief reference to Bullock's criminal record, did not explain how the sentencing factors applied to Bullock's case. Accordingly, the district court procedurally erred when imposing Bullock's sentence. See United States v. Carter, 564 F.3d 325, 329-30 (4th Cir. 2009) (district court's statement that it considered § 3553(a) factors constitutes procedural error where it did not "articulate how the sentencing factors applied to the facts of the particular case before it").

We review a procedural error at sentencing for harmlessness. Boulware, 604 F.3d at 838. A district court's failure to properly explain its sentence is harmless where the error "did not have a substantial and injurious effect or influence on the result," including where the record demonstrates that the district court considered the arguments advanced by the defendant and the arguments were weak. Id. at 839-40. Here, Bullock argued that a downward variant sentence was appropriate because his offense should have been scored under USSG § 2A2.2. Although the district court opted to vary downward to some extent, the record makes clear that it had already rejected Bullock's scoring argument, in accordance with the Guidelines. Therefore, the district court's failure to adequately explain its sentence was harmless.

Finally, Bullock argues that his sentence is substantively unreasonable because the district court did not adequately tie his sentence to the § 3553(a) factors. As Bullock's ninety-two-month sentence is a downward variant sentence, we presume it is substantively reasonable. Louthian, 756 F.3d at 306. Bullock has not overcome the presumption of substantive reasonableness where the district court's sentence accounted for Bullock's pattern of recidivism. See 18 U.S.C. § 3553(a)(2)(B), (a)(2)(C) (listing need "to afford adequate

9

deterrence" and "to protect the public from further crimes of the defendant" as sentencing factors).

## III.

Accordingly, we affirm Bullock's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED