**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 20-4355

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BARRINGTON STRAUCHN, JR., a/k/a BustaCap Strauchn,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  James C. Dever III, District Judge.  (2:19-cr-00018-D-2)

Submitted:  March 31, 2021                       Decided:  May 5, 2021

Before FLOYD, THACKER, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joseph B. Gilbert, TARLTON POLK PLLC, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Brandon L. Boykin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barrington Strauchn, Jr., appeals the 102-month sentence imposed following his guilty plea to possession of a firearm as a convicted felon. On appeal, Strauchn argues that the district court improperly varied upward from the advisory Sentencing Guidelines range and imposed an unreasonable sentence. Finding no error, we affirm.

Strauchn first argues that the district court erred by failing to explain why it rejected his arguments for a within-Guidelines range sentence. Rather than evaluating the merits of Strauchn's challenge, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). Under this inquiry, we assume that the alleged procedural error occurred and "proceed to examine whether the error affected the sentence imposed." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (internal quotation marks omitted). Where, as here, the defendant claims that the district court procedurally erred by failing to explain its rejection of his arguments, the district court's error is harmless only if we can "say with fair assurance that the district court's explicit consideration of [the defendant's] arguments would not have affected the sentence imposed." *United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (internal quotation marks omitted).

The record reflects that the district court considered Strauchn's arguments that he would be adequately deterred by a within-Guidelines sentence and that a Guidelines sentence was appropriate in light of the ongoing pandemic, but found his assertions unpersuasive in light of the serious offense conduct and the extensive evidence that Strauchn actively attempted to obstruct law enforcement's ongoing investigation into an

2

international firearms trafficking conspiracy even after he was incarcerated. The court also stated that it would have imposed the same sentence even if its Guidelines calculation or variance were erroneous. Therefore, even if the court's explanation of its rejection of Strauchn's arguments was insufficient, we conclude that a fuller analysis of Strauchn's arguments would not affect the court's decision to impose an upward variance. Accordingly, we find that any procedural error was harmless.

Strauchn next argues that his sentence is substantively unreasonable. We review a sentence for substantive reasonableness by "tak[ing] into account the totality of the circumstances." *Gall v. United States*, 552 U.S. 38, 51 (2007). We consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Howard*, 773 F.3d 519, 529 (4th Cir. 2014) (internal quotation marks omitted). Because our review ultimately is for an abuse of discretion, we "give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted).

The district court reasonably determined that the sentence was proper in light of the nature and circumstances of the offense and Strauchn's conduct, history, and characteristics. Based on the factors identified by the court in sentencing Strauchn, we conclude that the 102-month sentence is substantively reasonable. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED