**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4157

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS MARTILUS SMITH, a/k/a Q,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., Senior District Judge. (6:08-cr-00117-HMH-2)

Submitted: April 26, 2023                                    Decided: May 31, 2023

Before NIEMEYER and HEYTENS, Circuit Judges, and Max O. COGBURN, Jr., United States District Judge for the Western District of North Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Jill E.M. HaLevi, MEDIATION & LEGAL SERVICES, LLC, Charleston, South Carolina, for Appellant. M. Rhett DeHart, Acting United States Attorney, Charleston, South Carolina, Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A district court revoked Thomas Smith's supervised release. Smith makes three challenges—one to the revocation itself and two to his sentence. Seeing no reversible error, we affirm.

In 2021, Smith's probation officer petitioned to revoke his supervision for three violations: second-degree domestic violence in violation of South Carolina law; driving under the influence; and using and possessing marijuana. Smith admitted the latter two violations but contested the first. After a hearing featuring photographic evidence and testimony from three witnesses, the district court found Smith more likely than not committed the domestic violence offense. The court revoked Smith's supervised release and sentenced him to 46 months of imprisonment.

Smith first challenges the district court's factual finding that he committed the contested violation. Reviewing that finding for clear error, see *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015), we perceive no basis for reversing it. As Smith's attorney acknowledged at the hearing, the disputed factual issues turned on credibility assessments. And "[w]hen factual findings are based on the credibility of witnesses, we give great deference to the district court's determinations," "typically only disturb[ing]" its conclusions "when objective evidence contradicts the witness'[s] story or the story is so internally inconsistent or implausible that a reasonable finder of fact would not credit it." *United States v. Doctor*, 958 F.3d 226, 234 (4th Cir. 2020). None of those circumstances is present here.

Smith next argues the district court miscalculated the Guidelines range for the revocation sentence because South Carolina second-degree domestic violence is not "a crime of violence" under the Federal Sentencing Guidelines. U.S.S.G. § 7B1.1(a)(1). As Smith admits, he never made this argument before the district court, so we review only for plain error. See Fed. R. Crim. P. 52(b). That means, among other requirements, Smith must show any legal error was "clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Smith fails to clear that high bar. The clear or obvious error requirement is satisfied "if (1) the explicit language of a statute or rule resolves the question or (2) at the time of appellate consideration, the settled law of the Supreme Court or this Court establishes that an error has occurred." *United States v. Davis*, 855 F.3d 587, 595–96 (4th Cir. 2017). Smith makes no argument that "the explicit language" of South Carolina's domestic violence statute "resolves the question." *Id.*; see S.C. Code Ann. § 16-25-20(A), (C). He also concedes that "caselaw in South Carolina"—to which federal courts must look to interpret this state statute, see *United States v. Simmons*, 917 F.3d 312, 320 (4th Cir. 2019)—"does not seem to clarify the matter." Smith Br. 23. For that reason, we need not decide whether the district court's "crime of violence" determination was legal error. U.S.S.G. § 7B1.1(a)(1). We hold only that any error was not "clear or obvious" and that Smith is thus ineligible for relief under the plain-error standard. *Puckett*, 556 U.S. at 135.

Smith's last argument is that the district court committed procedural error in sentencing him. "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines'

3

nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (footnote omitted). "In determining whether a revocation sentence is unreasonable, we strike a more deferential appellate posture than we do when reviewing original sentences." *Padgett*, 788 F.3d at 373 (quotation marks omitted). And "even assuming the court's explanation was insufficient," we will not vacate the sentence if the government shows the "error was harmless." *United States v. Boulware*, 604 F.3d 832, 837 (4th Cir. 2010).

Here, any explanatory error was harmless because the record shows "the district court considered [Smith's] argument in the context of applying the § 3553(a) factors," and the arguments in favor of a lesser sentence "were very weak." *Boulware*, 604 F.3d at 839. The district court's exchange with Smith about previous violent incidents showed its consideration of relevant Section 3553(a) factors, such as protecting the public and the need for deterrence. In addition, Smith's request for leniency because he maintained a home and job while on supervision and had no other serious violations is both persuasively weak and factually dubious; indeed, Smith was before the court for three distinct violations of his release conditions. The district court's sentence was imposed after it found Smith committed a serious violation—a conclusion it reached from hearing testimony about how Smith beat and choked his girlfriend and seeing photographs of her injuries. Under these circumstances, "the notion that having to explain its analysis further might have changed the district court's mind . . . is simply unrealistic." *Boulware*, 604 F.3d at 840.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process. The judgment of the district court is

*AFFIRMED*.